**CABOT**
**MANTANONA LLP**
Edge Building, 2nd Floor
929 South Marine Drive Corps Drive
Tamuning, Guam 96913
Telephone: (671) 646-2001
Facsimile: (671) 646-0777



**FILED**
DISTRICT COURT OF GUAM

FEB 1 1 2008

JEANNE G. QUINATA
Clerk of Court

IN THE UNITED STATES DISTRICT COURT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CRIMINAL CASE NO. 08-00002 |
| ) | |
| vs. ) | **MOTION TO WITHDRAW** |
| ) | |
| Plaintiff, ) | |
| ) | |
| RICHARD GEORGE PALOMO, ) | |
| ) | |
| Defendant, ) | |

Counsel for Defendant herein, Rawlen M T Mantanona, hereby moves the Court for its Order allowing him to withdraw as court-appointed counsel for the Defendant RICHARD GEORGE PALOMO.

The grounds for this Motion include defense counsel's ongoing representation of LOURDES C. DUENAS in Criminal Case No. 07-00039 before the United States District Court of Guam. This matter is currently scheduled for trial on April 2, 2008. A review of the discovery in that case reveals that Defendant Palomo was a resident of and witness to an executed search warrant which occurred at an unknown house number on Y-Sengsong Road, in Dededo, Guam on April 19, 2007. This executed warrant later led to the arrest of Defendant Duenas on a drug charge and Defendant Palomo on gun charges.

ORIGINAL

Upon inquiry with of the United States Attorney's Office, it was revealed that Defendant Palomo is a potential witness in the trial of Defendant Duenas.

This Motion is supported by the accompanying Memorandum of Points and Authorities in support thereof, the Declaration of Rawlen M T Mantanona, the record of the proceedings and papers on file herein, together with any and all arguments to be adduced at the hearing of the within entitled motion.

Dated this **1** day of Feburary, 2008.

                              **CABOT MANTANONA LLP**
                              *Attorney for **Richard George Palomo***

By: _____
                    **RAWLEN M T MANTANONA,**

## MEMORANDUM OF POINTS AND AUTHORITIES

Rule 1.8 of the Model Rules of Professional Conduct states:

(a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:

(1) the representation of one client will be directly adverse to another client; or

(2) <u>there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client</u>, a former client or a third person or by personal interest of the lawyer.

(b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if:

(1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;

(2) the representation is not prohibited by law;

(3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and

(4) each affected client gives informed consent, confirmed in writing.

Rule 1.16 of the Model Rules of Professional Conduct states:

a) Except as stated in paragraph (c), a lawyer shall not represent a client or, where representation has commenced, <u>shall withdraw from the representation of a client if</u>:

(1) <u>the representation will result in violation of the rules of professional conduct or other law</u>;
(2) the lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client; or
(3) the lawyer is discharged

Defense counsel believes that he has a conflict of interest pursuant to Rule 1.8(a)(2) which mandates his withdrawal from representation of the client. Defense counsel is

has the duty to act in his clients' best interests. Because Defendant Palomo may be a material witness in the U.S. Government's case against Defendant Duenas, the interests of these clients may be adverse. The appointment and representation of both defendants at this time would cause a conflict of interest under Rule 1.8 and would violate the Model Rules of Professional Conduct under rule 1.16(a) which mandates defense counsel's withdrawal. Defendant's counsel has discussed the issue with federal prosecutors who also believe a conflict exists and has no objection to the motion.

## CONCLUSION

Based on the foregoing counsel will be unable to proceed with the District Court case against Defendant Palomo because of his representation of Defendant Duenas and respectfully asks the court to withdraw and appoint new counsel for Defendant Palomo.

Respectfully submitted this 8th day of February, 2008.

CABOT MANTANONA LLP
Attorney for **Richard George Palomo**

By: _____
**RAWLEN M T MANTANONA**

RMTM:scc
G:\Stacy\active clients\Palomo, Richard\Motion to Withdraw.doc